## WIGGINS *v.* FORD MOTOR CO.

1. APPEAL AND ERROR — EVIDENCE — DIRECTED VERDICT.
    In reviewing a directed verdict in favor of defendant, the Supreme Court must consider the testimony to support plaintiff's claim in its most favorable aspect.

2. NEGLIGENCE — HIGHWAYS — MOTOR VEHICLES — DUTY TO HAVE CARS UNDER CONTROL WHEN APPROACHING OBSTRUCTIONS.
    Where a child's express wagon was standing on the west side of a highway and an automobile 50 or 60 feet farther south, it was the duty of the drivers of cars approaching from the north and south to have their cars under control.

3. SAME—PASSING STANDING CAR.

Where the driver of the north-bound car was driving slowly and carefully, he was not negligent in turning out to pass the standing car, in view of the fact that there was room for the car from the north to also pass at that point if they drove carefully.

4. SAME.

Nor, under the circumstances, was he guilty of negligence contributing to the injury resulting in the death of a boy in the express wagon which was either thrown or forced across the road in front of his car.

Error to Wayne; Hunt (Ormond F.), J. Submitted June 9, 1922. (Docket No. 56.) Decided October 2, 1922.

Case by Hiram V. Wiggins, administrator of the estate of Ulysses C. Wiggins, deceased, against the Ford Motor Company and another for the alleged negligent killing of plaintiff's decedent. Judgment for defendant Ford Motor Company on a directed verdict. Plaintiff brings error. Affirmed.

*Barbour, Field & Martin* (*Henry C. L. Forler*, of counsel), for appellant.

*Kerr & Lacey* (*Henry C. Bogle*, of counsel), for appellee.

SHARPE, J. Miller Road runs southerly in the township of Springwells in Wayne county, from Michigan avenue to the River Rouge plant of the Ford Motor Company. It is paved with concrete from 16 to 20 feet in width, with crushed stone 2 or 3 feet wide on either side. Plaintiff's intestate, Ulysses Cameron Wiggins, a lad 7 years old, and Harold H. Hoppe, a boy of 13, were going southerly along this road on May 28, 1918. At or near a slight bend in the road they stopped and removed a small express

wagon they had with them off the pavement and on to the crushed stone on the west side of the road. The Wiggins lad was sitting in the express wagon facing southerly and the Hoppe boy sitting or standing on the back end of it. There is testimony that an automobile was standing on the easterly side of the road 50 or 60 feet further south than the express wagon. It occupied about 3 feet of the width of the pavement. While the boys were in the position stated a Reo car driven by the defendant Poet approached from the north and a Ford motor bus with a trailer, used to convey the workmen from the car line to its plant, approached from the south. The motor bus as it neared the standing car turned to the west to pass it. The car driven by Poet collided with the express wagon. Hoppe jumped to a place of safety. The wagon with Wiggins in it was thrown in front of the trailer and he sustained injuries from which he soon after died. The plaintiff, as administrator of the estate of Wiggins, brought suit against both Poet and the Ford Motor Company, alleging that the death of the boy was caused by the negligence of both. Counts alleging the negligence of each defendant were added. At the conclusion of plaintiff's proofs the trial court, on motion of its counsel, directed a verdict in favor of the defendant Ford Motor Company. Plaintiff then asked and was granted permission to withdraw a juror and the cause was continued as to Poet. The judgment entered in favor of the Ford Motor Company is here reviewed by writ of error.

The assignments all relate to the action of the court in directing a verdict. Plaintiff's counsel strenuously insist that under the existing situation it was negligent for the driver of the Ford bus to attempt to pass the standing car; that in doing so he forced Poet off the pavement and such action was at least a contributing cause to the injury which resulted in the death of

Wiggins. We must consider the testimony tending to support plaintiff's claim in its most favorable aspect. All the witnesses agree that the Ford bus was moving at a slow rate of speed. Poet was driving more rapidly. There was a distance of from 50 to 60 feet, north and south, between where the car stood on the east side of the highway and where the express wagon stood on the west side. It is undisputed that Poet's car was a considerable distance from the express wagon when the Ford bus turned to pass the standing car. It was the duty of the driver of the Ford bus to avoid a collision with that car. It was Poet's duty to avoid a collision with the express wagon. In view of the situation, as the cars approached it was the duty of both drivers to have their cars under control. It is apparent that Poet saw or should have seen the Ford bus turn to pass the standing car when he was a sufficient distance from the wagon to have stopped, if necessary, in order to avoid colliding with it. In fairness to Poet it must be said that he testified he saw the wagon, that he sounded his horn when about 75 feet from it and that it was afterwards pushed or pulled almost directly in front of his car. Hoppe testified that the wagon was thrown to the east at an angle of about 45 degrees. This result could only have been brought about by the wagon being in the position testified to by Poet, or by Poet having the right front wheel of his car farther off the pavement than the wagon was. The position of the Ford bus did not render it necessary for Poet to leave the pavement in order to avoid a collision with it. Its wheels on the west side were but a little over the center line of the pavement. There was sufficient room on the pavement for Poet and the Ford bus to pass at the point where the car was standing if both were driving carefully. We find no testimony in the record to support a claim that

the driver of the Ford bus was not proceeding slowly and carefully.  Unless it can be said that it was his duty to stop before attempting to pass the standing car, no negligence can be attributed to his conduct.  A finding by the jury that it was his duty to stop would, in our opinion, have been unsupported by the proofs or by any fair inferences to be drawn from them.  His conduct, viewed in the light most favorable to plaintiff's claim, was not negligent. It is apparent that the collision with the wagon was caused either by the reckless driving of Poet or by the wagon having been moved on the pavement after he had approached quite near to it.  In either event it cannot be said that because the wagon, when forced across the pavement, was struck by the Ford bus, the driver of the latter was guilty of negligence contributing to the injury which resulted in the death of Wiggins.

We are of the opinion that there was no error in directing a verdict for the Ford Motor Company.

The judgment is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, McDONALD, and BIRD, JJ., concurred.  CLARK, MOORE, and STEERE, JJ., did not sit.